SUMMARY ORDER

Petitioners Xiao Ying Liu and Shi Yu Li, natives and citizens of the People’s Repub- *696 lie of China, seek review of the August 31, 2007 order of the BIA, denying their motion to reopen. In re Xiao Ying Liu, Shi Yu Li, Nos. A097 160 508, A097 160 509 (B.I.A. Aug. 31, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying petitioners’ untimely motion to reopen.
Petitioners argue that the BIA erred in concluding that they failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing their motion to reopen. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Moreover, contrary to petitioners’ argument, we find nothing in the record that suggests that the BIA ignored the particularized evidence that they submitted in determining that they failed to demonstrate changed country conditions. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006); cf. Jian Hui Shao, 546 F.3d at 172 (finding no error in the BIA’s determination that evidence referencing the family planning policy’s mandatory sterilization requirement does not indicate that sterilization will be performed by force).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).